UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GESUALDI, ANTHONY D'AQUILA,
LOUIS BISIGNANO, ANTHONY PIROZZI,
DOMINICK MARROCCO, JOSEPH FERRARA,
FRANK FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS CORBETT, as
Trustees and Fiduciaries of the Local 282 Welfare,
Pension, Annuity, Job Training and Vacation and Sick
Leave Trust Funds,

                                            Plaintiffs,

      -against-

INTERSTATE MASONRY CORP.,

                                            Defendant.
----------------------------------------------------------------X

**ORDER**

**12-CV-0383 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

On January 26, 2012, Plaintiffs Thomas Gesualdi, Anthony D'Aquila, Louis Bisignano, Anthony Pirozzi, Dominick Marrocco, Joseph Ferrara, Frank Finkel, Marc Herbst, Denise Richardson, and Thomas Corbett, as trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (collectively the "Plaintiffs") filed this action against Defendant Interstate Masonry Corp. ("Defendant") under Sections 502(a)(3), 502(g)(2), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), 1145, to recover damages and equitable relief under ERISA, the relevant Trust Agreement, and the Collective Bargaining Agreement. (Compl. (Dkt. 1).) Defendant did not answer or otherwise respond to the Complaint. On June 10, 2013, Plaintiffs moved for default judgment against Defendant. (Mot. Default J. (Dkt. 13).) The court referred this motion to Magistrate Judge Vera M. Scanlon for a

1

report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) to address both liability and damages. (See June 21, 2013, Order (Dkt. 18)).)

On February 14, 2014, Judge Scanlon issued an R&R recommending that the court grant Plaintiffs' motion for default judgment and direct the entry of judgment against Defendant in the amount of $304,050.99, representing $166,342.38 in delinquent contributions, $65,495.32 in interest, $65,495.32 in liquidated damages, $5,480 in attorneys' fees, $537.97 in legal costs, and $700.00 in audit costs. (See R&R (Dkt. 21) at 2, 25.) The R&R further recommends that the court grant Plaintiffs an award against Defendant for $82.03 in per diem interest and $83.03 in per diem liquidated damages beginning February 15, 2014, through the entry of judgment. (Id.) The court mailed a copy of the R&R to Defendant at the two addresses found in the record, but both mailings were returned as undeliverable. (Dkt. 21, 22, 23.) On March 3, 2014, Judge Scanlon ordered Plaintiffs to identify any alternate addresses they could locate for Defendant other than those to which the R&R had already been sent. (Mar. 3, 2014, Order.) Plaintiffs responded by letter, dated March 5, 2014, identifying (1) an alternate business address for Defendant at 161 Jamaica Avenue in Brooklyn, New York[1] and (2) a residential address for Janine Frantellizzi, an owner of Defendant. (Mar. 5, 2014, Letter (Dkt. 24).) On March 6, 2014, the court mailed a copy of the R&R to the two alternate addresses identified by Plaintiffs. No response has been received.

No party has objected to Judge Scanlon's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1

---

[1] Plaintiffs also attempted to contact Defendant by phone using a phone number associated with this listing but were advised that it was not Defendant's number. (Letter, Mar. 5, 2014.)

(E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS the R&R in its entirety, see Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007), and as set forth above and in the R&R: Plaintiffs' motion for default judgment is GRANTED and judgment shall be entered against Defendant for $304,050.99, representing $166,342.38 in delinquent contributions, $65,495.32 in interest, $65,495.32 in liquidated damages, $5,480 in attorneys' fees, $537.97 in legal costs, and $700.00 in audit costs. (See R&R (Dkt. 21) at 2, 25.) Plaintiffs also are awarded an additional $3,155.14 in interest and $3,155.14 in liquidated damages, representing $82.03 in per diem interest and $83.03 in per diem liquidated damages for the period February 15, 2014, through March 25, 2014.

The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York  
March 25, 2014

s/Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge